[No. 6,939.—In Bank.]

## THE PEOPLE EX REL. BURRIDGE *v.* PEARSON.

DISBARRING OF ATTORNEY—UNPROFESSIONAL CONDUCT.

INFORMATION in the Supreme Court, against R. West Pearson, for unprofessional conduct.

*A. M. Heslep,* for the Informant.

*C. W. Bryant,* and *H. G. Sieberst,* for the Defendant.

SHARPSTEIN, J. :

This is a proceeding upon information, to have the respondent, who is an attorney and counsellor of this Court, removed, and to have his name stricken from the roll of attorneys and counsellors of this Court, on the ground that he has violated his duties as such attorney and counsellor.

He is accused, in and by the information filed herein, of having agreed with one Eliza Burridge to procure a divorce for her from her husband, for the sum of $45. That she paid respondent that sum, and that he prepared a complaint, which she verified, in which it was alleged that the said Eliza was married to her said husband on the 2nd day of September, 1877, and that her said husband had neglected to provide for her the common necessaries of life, he having the ability to do so, and that said willful neglect had continued for a period of more than one year next preceding the commencement of said action. It is charged in the information, that said Eliza was not married on

said 2nd day of September, 1877, nor until the 2nd day of September, 1878, and had only been married about seven months when said complaint was verified, and that she so informed respondent at the time she verified said complaint. That complaint was never filed, although a copy of a summons was attached to it. The complaint was entitled in the Fifteenth and the summons in the Nineteenth District Court. Afterward, but within less than one year after said marriage, another complaint was prepared and verified, and filed in the Fourth District Court, which contained the same allegations as the first, in relation to the marriage of the parties and the willful neglect of the husband. It does not appear that any proceedings were ever had in the latter action beyond the filing of a demurrer to the complaint by the husband.

It is charged, and the charge is supported by the testimony of both the parties to that action for divorce, that the respondent was not only told, but repeatedly told, that the parties were not married on the 2nd day of September, 1877, as alleged in the complaint, but that they were married one year thereafter, and several months less than one year before the commencement of said last mentioned action. And the plaintiff, in that action, states in her testimony, that when she informed the respondent herein that the allegation in respect of said marriage was not correct, he took a pen and pretended to correct it. It appears, however, on the face of the complaints, that no such correction was made in either case.

There are some other charges of disreputable acts which it is unnecessary to notice at this time. It is sufficient for the purposes of this proceeding, that it is shown, by uncontradicted evidence, that the respondent prepared a complaint, and advised his client to verify it, which alleged things which he knew to be false, and which, she states, he led her to suppose had been corrected before she verified it. Nor is it necessary to comment upon the conduct here disclosed. The respondent has not answered the accusations against him, although abundant time in which to answer them has been allowed him. He introduced no evidence in his own behalf, and did not even cross-examine the witnesses who testified against him.

Therefore, it is ordered that the name of Robert West Pear-

son be stricken from the roll of attorneys and counsellors of this Court, and that he be permanently deprived of the right to practice as an attorney and counsellor in the courts of this State.

MYRICK, J., THORNTON, J., ROSS, J., McKEE, J., and McKINSTRY, J., concurred.